UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILD FISH CONSERVANCY,<br><br>       Plaintiff-Appellant,<br><br>  vs.<br><br>KENNETH L. SALAZAR, in his official capacity as Secretary of the Interior; U.S. FISH & WILDLIFE SERVICE; ROWAN W. GOULD, in his official capacity as Acting Director of the U.S. FISH & WILDLIFE SERVICE; JULIE COLLINS, in her official capacity as Complex Manager for the Leavenworth National Fish Hatchery Complex,<br><br>       Defendants-Appellees. | NO.  CV-05-0181-LRS<br><br>ORDER ON REMAND, GRANTING DECLARATORY AND INJUNCTIVE RELIEF |

     This matter comes before the Court on remand from the Ninth Circuit Court of Appeals with directions to grant plaintiff Wild Fish Conservancy's ("WFC") motion for summary judgment and to grant injunctive relief until the United States Fish and Wildlife Service ("FWS") complies with its obligations under the Endangered Species Act ("ESA"). *Wild Fish Conservancy v. Salazar*, 628 F.3d 513, 532 (9th Cir. 2010). The Court has considered Plaintiff's Motion for Declaratory and Injunctive Relief, Ct. Rec. 166, Defendants' Opposition to Plaintiff's Motion for Declaratory and Injunctive Relief, Ct. Rec. 171, Plaintiff's Reply in Support of Motion for Declaratory and Injunctive

ORDER - 1

Relief, Ct. Rec. 186, Amicus Declaration of Joe Peone, Ct. Rec. 172-1, and Amicus Declaration of Steven S. Parker, Ct. Rec. 179.  The Court held hearings on this matter on March 30, 2011, April 19, 2011, and May 4, 2011.  The Court has considered all additional pleadings and sworn statements filed herein and, except as otherwise noted, has assigned such weight thereto as deemed appropriate in light of the mandate filed by the Ninth Circuit Court of Appeals in this litigation.

On December 7, 2010, the Ninth Circuit Court of Appeals reversed and remanded this case holding:

> Here, the Service committed legal error by limiting the scope of the action to five years; failing to articulate a rational connection between its findings in the 2008 BiOp and its no jeopardy conclusion; and issuing an inadequate incidental take statement. The Hatchery's reliance on a legally flawed biological opinion was arbitrary and capricious. The Hatchery therefore violated its substantive duty to ensure that its operations and maintenance did not jeopardize the continued existence of the bull trout.

> We conclude that the 2008 BiOp is arbitrary and capricious because the Service limited the analysis to a five-year period, failed to articulate a rational connection between the facts found and the conclusions made, and issued an incidental take statement lacking adequate monitoring and reporting requirements. Additionally, the Hatchery violated its substantive duty to ensure that its operations did not jeopardize the continued existence of the bull trout. We reverse and remand to the district court with directions to grant the Conservancy's motion for summary judgment and to grant injunctive relief until the Service complies with its obligations under the ESA.

*Wild Fish Conservancy,* 628 F.3d at 532.

Being fully advised in the matter, the Court grants Plaintiff's Motion for Declaratory and Injunctive Relief, **Ct. Rec. 166.**

Accordingly,

**IT IS HEREBY ORDERED:**

1. The Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, **Ct. Rec. 149**, is **VACATED.** Plaintiff's Motion for Declaratory and Injunctive Relief, **Ct. Rec. 166**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment on Liability, **Ct. Rec. 113**, is **GRANTED in part and DENIED in part** as provided in the Ninth Circuit Court of Appeals' decision in *Wild Fish Conservancy v. Salazar*, 628 F.3d 513 (9th Cir. 2010).

3. Federal Defendants' Cross-Motion for Summary Judgment on Liability, Ct. Rec. 128, is **GRANTED in part and DENIED in part** as provided in the Ninth Circuit Court of Appeals' decision in *Wild Fish Conservancy v. Salazar*, 628 F.3d 513 (9th Cir. 2010).

4. FWS' 2008 BiOp is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

5. The 2008 BiOp is hereby set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2).

6. FWS is in violation of its substantive obligation under section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), to insure that operations of the Hatchery are not likely to jeopardize the continued existence of threatened bull trout.

7. FWS is ordered to re-initiate consultation under section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2), and to issue a new biological opinion evaluating, inter alia, the effects of the Hatchery on threatened bull trout and its critical habitat based upon the best scientific and commercial data currently available.

8. FWS is ordered to provide the Court and WFC copies of the new

biological opinion upon its completion.

9. FWS is ordered to minimize the irreparable harm the Hatchery inflicts on threatened bull trout by removing all racks and boards in structure 5 and by maintaining both radial gates at structure 2 in fully opened positions, subject to those exceptions noted below, until a new biological opinion is issued and determined by the Court to be in compliance with the ESA and the decision in *Wild Fish Conservancy v. Salazar*, 628 F.3d 513 (9th Cir. 2010). These exceptions are:

a. Without notice where damage is imminent, structures 2 and 5 may be closed for flood control, i.e., rain on snow event, floods and/or high stream flow events. FWS shall notify WFC as soon as practicable.

b. Without notice to WFC, FWS may close structures 2 and 5 to prevent imminent damage to said structures and for their maintenance and preservation under circumstances where a true emergency requiring such actions can be shown. FWS shall notify WFC as soon as practicable.

c. With 48 hours advance notice to WFC, FWS may lower the radial gates at structure 2 to facilitate pre-smolt emigration during release in or around late April but no later than May 15.

d. With 48 hours advance notice to WFC, FWS may temporarily close structures 2 and 5 to recharge aquifer wells where deemed absolutely necessary to permit FWS to fulfill its statutory mission. Such closures shall be held to the minimum necessary.

e. With 48 hours advance notice to WFC, FWS may close structures 2 and 5 in the event that a 50 returning adult spring Chinook salmon threshold is reached at structure 5 during the broodstock collection period to limit upstream passage of spring Chinook salmon while

minimizing potential impacts, i.e., disease, to non-target taxa.

10. The parties shall file a joint status report within thirty (30) days of FWS' provision of the new biological opinion to the Court and WFC describing the parties' respective positions on whether the injunctive relief should be terminated and whether further proceedings are necessary to determine whether the Hatchery is in compliance with the ESA and the decision in *Wild Fish Conservancy v. Salazar*, 628 F.3d 513 (9th Cir. 2010).

11. If any party desires to be heard in an expedited manner regarding mootness or jurisdictional issues, or injunctive relief issues, it shall so note such motion on an expedited basis, according to local rules.

12. Defendants' Motion to Strike, **Ct. Rec. 210**, is **GRANTED in part, and DENIED in part.** The second Gayeski declaration is stricken and pages 21-30 of Plaintiff's Additional Briefing Regarding Proposed Orders (Ct. Rec. 209) are admitted. Defendants' Motion to Expedite, **Ct. Rec. 211**, is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this 5th day of May, 2011.

*s/Lonny R. Suko*

                    LONNY R. SUKO
                United States District Judge

ORDER - 5